PER CURIAM. The fact that the agreement provided, in case of its violation by defendant, he should "be liable in damages and breach of contract" does not, in view of the circumstances, deprive plaintiff of the right to equitable relief. Lewis v. Gollner, 129 N. Y. 227, 234, 29 N. E. 81, 26 Am. St. Rep. 516; Diamond Match Co. v. Roeber, 106 N. Y. 473, 486, 13 N. E. 419, 60 Am. Rep. 464. Defendant's counsel concedes that the demurrer is bad, inasmuch as it did not specify *the* parties failure to join whom constituted the defect. This defect in pleading could not be cured on the motion, under Code Civ. Proc. § 768.

The judgment and order should be reversed, with costs, and the demurrer overruled, with $10 costs, with leave to the defendant to withdraw the demurrer, and to answer upon payment of costs in this court and in the court below.

---

### NEUBURGER v. GOWAN.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

DEPOSITIONS (§ 71*)—EXAMINATION OF PARTY—REFUSAL.

Where plaintiff, upon defendant's refusal to submit to an examination, moved to strike out the answer and proceed as upon default in pleading, and defendant offered to submit to an examination in case a proper bill of particulars was filed, the motion will, upon the filing of a proper bill of particulars, be denied, with leave to renew at any time when it shall appear that defendant has refused to submit to an examination.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 132; Dec. Dig. § 71.*]

Appeal from Special Term, New York County.

Action by Louis Neuburger against Albert Y. Gowan. From an order denying plaintiff's motion to strike out the answer and proceed as upon a default in pleading, he appeals. Modified and affirmed.

See, also, 158 App. Div. 922, 143 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Ralph Wolf, of Crestwood, for appellant.
Elihu Root, Jr., of New York City, for respondent.

PER CURIAM. In view of the statements on the argument by defendant's counsel that his client would submit to examination if a proper bill of particulars were served, and by counsel for plaintiff that such service had been, that day, made, we think the proper disposition of this appeal is to modify the order appealed from so as to permit a renewal of the motion at any time when it may be made to appear that defendant has refused to submit to examination pursuant to the commission heretofore issued for that purpose. So far as the refusal of other witnesses to submit to examination is concerned, we see no ground for punishing defendant.

As so modified, the order will be affirmed, without costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes